Judgment for the defendant.

---

COLQUHOUN and others *against* NEW-YORK FIREMEN INSU-
RANCE COMPANY.

Where an in-
surance was ef-
fected during
the late war
with *Great Bri-
tain*, on goods
from *Norfolk*
to *Lisbon*, and
the policy con-
tained a war-
ranty that the
vessel should
have a genuine
*British license*
on board; and
the vessel sail-
ed with, and
had such li-
cense on board
at the time of
the loss: held,
that as the ta-
king of such li-
cense was un-
lawful, and
subjected the
vessel to for-
feiture, the po-
licy was void.

THIS was an action of *assumpsit* on a policy of insurance
on 1,000 barrels of flour, valued at the sum insured, which
was 12,766 dollars, from *Petersburg* to *Norfolk*, on board of
crafts or vessels; and at and from *Norfolk* to *Lisbon*, on
board the ship *Debby & Eliza.* The policy was dated the
8th of *February*, 1813, and contained a warranty, that the
vessel should have a genuine *British* license on board; and
that the cargo should be in conformity to the license. The
cause was tried before Mr. J. *Spencer*, at the *New-York* sit-
tings, in *April*, 1817.

The vessel set sail on the voyage intended, on the 5th of
*March*, 1813, and proceeded as far as *Hampton Roads*, when
the master, understanding that the *Chesapeake* was blockaded
by a *British* squadron, put back, and the voyage was discon-
tinued; and on the 15th of *March* the plaintiffs abandoned.
It was proved that the vessel had a genuine *British* license
on board at the time she sailed, and until her return.

A verdict was taken for the plaintiffs, by consent, subject to
the opinion of the court, on a case in which the above facts
were stated.

*T. A. Emmet*, for the plaintiff.

*Wells*, and *S. Jones*, jun. for the defendants.

ALBANY,
August, 1818.

COLQUHOUN
v.
N. Y. FIRE-
MEN INS. COM.

The counsel declined arguing the cause, as the question had been before raised and discussed, but submitted it to the consideration of the court on the facts of the case.

SPENCER J. delivered the opinion of court. Whether the defence urged ought to have been set up, was a question for the consideration of the defendants only ; we are called upon to pronounce the law of the case, without regard to honorary considerations.

The objection is, that the voyage was illegal, and if it be so, there is an end of the question ; for any contract founded upon an illegal voyage, partakes of the character of that voyage, and stands or falls with it.

The court do not propose, upon a case submitted by the parties without argument, to go into much discussion. By reference to the cases of the *Julia*, (8 *Cranch*, 189.) the *Aurora*, (8 *Cranch*, 219.) the *Hiram*, (1 *Wheaton*, 440.) and the *Ariadne*, (2 *Wheaton*, 147.) it will abundantly appear, that the supreme court of the *United States* have repeatedly decided, that the mere sailing under an enemy's license, without regard to the object of the voyage, or the port of destination, constituted, of itself, an act of illegality which subjected the ship and cargo to confiscation ; that it was an attempt by one individual of a belligerant country to clothe himself with a neutral character, by the license of the other belligerant, and thus to separate himself from the common character of his own country.

This doctrine we consider sound, and not only warranted, but required, by the duty of allegiance which every citizen owes to his country. The converse of the proposition laid down, cannot be endured for an instant. It would go the whole length of justifying a citizen of one of the belligerants, in holding a correspondence with the enemy, and in lending himself to them in furtherance of their views, in direct hostility to the views and interests of his own government. In short, it would open the door to the most treasonable correspondence with, and aid to, the enemy.

Were it necessary to show, that in this case, the shipment was to promote the views, and subserve the interests of the enemy, the license under which the vessel sailed, affords

the most incontestible evidence of the fact. The court forbear going into the evidence, as they do not found their opinion on the fact, that the voyage was undertaken to sup-ply the enemy ; but on the broad ground, that the enemy's license, *per se*, was a cause of forfeiture.

Judgment for the defendants.